UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| JUAN DUARTE, et al., | |
|---|---|
| Plaintiffs, | Civil Action No. |
| v. | 2:17-CV-01624-ES-SCM |
| UNITED STATES METALS REFINING COMPANY, et al., | **OPINION AND ORDER ON PLAINTIFFS' MOTION TO AMEND THE COMPLAINT** |
| Defendants. | [D.E. 70] |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiffs', Juan Duarte, Betsy Duarte, N.D., Leroy Nobles, and Betty Nobles (the "Duarte Plaintiffs"), motion to file a second amended complaint.[1] Defendants, United States Metals Refining Company ("United States Metals"), Freeport Mineral Corp. ("FMC"), and AMAX Realty Development, Inc. ("AMAX"), opposed the motion,[2] and the Duarte Plaintiffs filed a reply.[3] The Court has reviewed the parties' respective submissions, and for the reasons set forth herein, the Duarte Plaintiffs' motion to file an amended complaint is hereby **DENIED**.

---

[1] (ECF Docket Entry ("D.E.") 70, Pls.' Mot. to Am.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 73, Defs.' Opp'n).

[3] (D.E. 74, Pls.' Reply).

I. **BACKGROUND AND PROCEDURAL HISTORY**[4]

This class action arises from an environmental contamination dispute where the Duarte Plaintiffs allege that United States Metals, FMC, Freeport Minerals Inc. ("FMI"), and AMAX released hazardous waste from their smelting operations located in Carteret, New Jersey.[5] The release of hazardous waste included toxic levels of arsenic, copper, and lead, among other contaminants, allegedly contaminating the air in the community surrounding the smelting operation, including the Duarte Plaintiffs' persons and property.[6] Although one or more of the defendants took steps to remediate the contamination under the "New Jersey Department of Environmental Protection Supervised Off-site Environmental Investigation and Remediation Program in 2012,"[7] the Duarte Plaintiffs allege that United States Metals, FMC, FMI, and AMAX downplayed the extent of the environmental contamination resulting in insufficient remediation of the environmental contamination.[8]

FMI, seeking to show that it played no part in the remediation program, provided an affidavit authored by Mr. Douglas N. Carrault II, Corporate Secretary for FMI (the "Carrault Affidavit").[9] Mr. Carrault asserted that FMI did not direct, manage, or provide technical services

---

[4] The Court relies upon the allegations set forth within the record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 70, Pls.' Mot. to Am., at 3).

[6] *Id.*

[7] (D.E. 52, Defs.' Answer to Am. Compl., at 3).

[8] (D.E. 1, Pls.' Compl., at 20).

[9] (D.E. 70, Aff. of Douglas N. Carrault II, at 1).

2

for the environmental contamination remediation of the Duarte Plaintiffs' homes.[10] Given Mr. Carrault's assertions, the Duarte Plaintiffs discontinued their class action lawsuit against FMI on or about December 18, 2017.[11]

In May of 2018, the Duarte Plaintiffs received Mr. Joseph Brunner's custodian file.[12] The Duarte Plaintiffs assert that Mr. Brunner's file contained new information regarding FMI's involvement in the remediation.[13] At his deposition on June 6 and June 7, 2018 (the "June Deposition"), Mr. Brunner identified himself as the Project Manager for the contamination remediation and testified that he and his superior officers were FMC employees.[14] However, the Duarte Plaintiffs alleged that Mr. Brunner and his superiors were listed or self-identified as FMI employees based on the contents of various social media pages, corporate websites, and business-related email addresses with FMI domains.[15]

Mr. Brunner's custodian file and his testimony at the June Deposition led the Duarte Plaintiffs to believe that the Carrault affidavit was misleading in that FMI, the parent of United States Metals, FMC, and AMAX, actually directed, managed, and controlled the remediation. The Duarte Plaintiffs subsequently asked for, and the Court granted, leave to move to amend.[16]

---

[10] *Id.* at 2.

[11] (D.E. 70, Pls.' Mot. to Am., at 3).

[12] (D.E. 70, Pls.' Mot. to Am., at 5).

[13] *Id.*

[14] *Id.*

[15] *Id.* at 5-7.

[16] (D.E. 69, Leave to File Motion; D.E. 70, Pls.' Mot. to Am.).

On July 10, 2018, the Duarte Plaintiffs filed their motion to amend seeking to rejoin FMI as a defendant to the class action.[17] United States Metals, FMC, and AMAX filed their opposition on July 24, 2018, and the Duarte Plaintiffs filed their reply on July 31, 2018.[18]

United States Metals, FMC, and AMAX argued in their reply that Mr. Brunner's and his superior's FMI email addresses were corporate branding and the Duarte Plaintiffs had access to their social media pages for months.[19] Further, United States Metals, FMC, and AMAX argue that Mr. Brunner's emails, produced in November 2017, had the same email address information as his business card, and the Duarte Plaintiffs could have discovered the alleged misinformation earlier with proper diligence.[20] United States Metals, FMC, and AMAX contend that preparation for additional depositions and theories of liability is prejudicial.[21]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges have the authority to decide any non-dispositive motion designated by the Court.[22] This District has specified that magistrate judges may determine any non-dispositive

---

[17] (D.E. 70, Pls.' Mot. to Am.).

[18] (D.E. 73, Defs.' Opp'n to Am.; D.E. 74, Pls.' Reply).

[19] (D.E. 73, Defs.' Opp'n to Am., at 3).

[20] *Id.* at 12.

[21] (D.E. 73, Defs.' Opp'n to Am., at 17-18).

[22] 28 U.S.C. § 636(b)(1)(A).

4

pre-trial motion.[23] Motions to amend are non-dispositive,[24] and decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[25]

### III. DISCUSSION & ANALYSIS

#### A. Rule 16 "Good Cause" Analysis

After amendments as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[26] Where deadlines for amending pleadings are the subject of a scheduling order, and the deadlines have passed, the moving party must meet Rule 16's good cause standard to amend.[27] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[28] What constitutes good cause for modification "necessarily varies with the circumstances of each case."[29] The Court has the discretion to determine what kind of showing a party must make to satisfy the good cause requirement,[30] but whether good cause exists turns on the diligence of the moving party.[31] "[A] party is presumptively

---

[23] L. Civ. R. 72.1(a)(1).

[24] *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[25] 28 U.S.C. § 636(b)(1)(A).

[26] Fed. R. Civ. Proc. 15(a)(2).

[27] *Schwartz v. Avis Rent A Car Systems, LLC*, No. 11-4052, 2014 WL 4272018 *1, *3 (D.N.J. 8/24/2014).

[28] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[29] *Id.*

[30] *Id.*

[31] *Id.*

not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend."[32]

Here, the Court finds that the Duarte Plaintiffs have not demonstrated good cause for the failure to comply with the December 29, 2017 deadline to amend their pleading. The Duarte Plaintiffs allege that newly discovered information calls into question the truthfulness of the Carrault affidavit.[33] The Duarte Plaintiffs point to "newly" discovered LinkedIn pages and FMI website biographies of FMC employees showing FMI as their employer, contrary to the testimony of Mr. Brunner in the June Deposition.[34] The Duarte Plaintiffs also point to Mr. Brunner's business card listing an email address with an FMI domain.[35]

However, the Duarte Plaintiffs have not demonstrated that the FMC employee's LinkedIn pages and employee biographies on FMI's website were not available at the start of litigation. Additionally, the Duarte Plaintiffs have not shown that Mr. Brunner's FMI email address listed on his business card was newly discovered at the June Deposition or when they received his custodian file. One or more of the named defendants produced Mr. Brunner's email in November 2017, displaying his email address with an FMI domain.[36] The same email address listed on a business card and in an email signature does not constitute newly discovered information. The Duarte Plaintiffs did not exercise the necessary diligence in reviewing information readily available at the

---

[32] *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 702 (E.D. Pa. 2007) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)).

[33] (D.E. 70, Pl's Mot. to Am., at 5).

[34] (D.E. 70, Pl's Mot. to Am., at 6-9).

[35] (D.E. 70, Pl's Mot. to Am., at 5).

[36] (D.E. 73, Defs.' Opp'n to Am., at 11).

start of litigation, including information available on the internet or already in their possession. Thus, the Duarte Plaintiffs have provided insufficient justification for seeking leave to amend and have not met the Rule 16 "good cause" standard.[37]

### B. Rule 15 Analysis

Though not required, the Court will conduct a Rule 15 analysis to demonstrate that were the Duarte Plaintiffs to have established good cause, their motion to amend would still fail because the proposed amendment is futile.

Under Rule 15, the Court has broad discretion to decide motions to amend.[38] Rule 15(a) mandates that courts grant amendments, "freely in the interests of justice."[39] This mandate ensures that "a particular claim will be decided on the merits rather than on technicalities."[40] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend.[41] The defendant bears the burden of demonstrating that the plaintiff made the proposed amendment in bad faith.[42] Undue prejudice requires a significant delay on the part of the plaintiff in the litigation process, causing the defendant to expend significant resources for discovery and trial preparation.[43]

---

[37] Fed. R. Civ. Proc. 16.

[38] *Voilas v. General Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citations omitted) (internal quotation marks omitted); *see also* Fed. R. Civ. Proc. 15(a)(2).

[39] *Id.*

[40] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (citations omitted).

[41] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

[42] *Id.*

[43] *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Prejudice to United States Metals, FMC, and AMAX is unlikely. FMI was an original defendant in the instant litigation represented by the same counsel as United States Metals, FMC, and AMAX.[44] It is unlikely that FMI, as the parent of United States Metals, FMC, and AMAX, would be wholly unaware of the current status of the litigation and could apprise itself of any emergent activities quickly. Thus, FMI's reengagement with the litigation and additional deposition of its employees would not constitute prejudice.

The Rule 12(b)(6) standard is used to evaluate futility.[45] Under Rule 12(b)(6), a plaintiff must support the factual allegations with more than "labels and conclusions"[46] or "a formalistic recitation" of the "cause of action elements."[47] Detailed factual allegations by the plaintiff are unnecessary, but the court must be able to "draw reasonable inferences" regarding the defendant's liability for the alleged misconduct.[48]

The Duarte Plaintiffs would not meet the Rule 15 standard because their claims are futile. The Duarte Plaintiffs stated in their Motion to Amend that they received Mr. Brunner's custodian file in May 2018.[49] However, nowhere in their Motion to Amend did the Duarte Plaintiffs identify what documentation within Mr. Brunner's custodian file was new and led them to suspect that the

---

[44] (D.E. 70, Pl's Mot. to Am.).

[45] *Schwartz v. Avis Rent A Car Systems, LLC*, No. 11-4052, 2014 WL 4272018 *1, *4 (D.N.J. 8/24/2014).

[46] *Id.* at *4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[47] *Id.*

[48] *Id.*

[49] (D.E. 70, Pl's Mot. to Am., at 6).

Carrault affidavit was misleading. The Duarte Plaintiffs also point to newly discovered LinkedIn pages and website biographies with FMC employees identifying themselves as FMI employees.[50] First, the Duarte Plaintiffs do not show that the LinkedIn pages were created after the start of litigation. Second, the Duarte Plaintiffs do not show that the FMI website or the website biographies were unavailable to them at the start of litigation. Third, the Duarte Plaintiffs do not identify the new documents in Mr. Brunner's custodian file. The Duarte Plaintiffs' assertions are "naked assertion[s] devoid of further factual enhancement[,][51]" and are insufficient to satisfy the 12(b)(6) standard.[52] The Duarte Plaintiffs' assertions do not allow the Court to infer that FMI controls United States Metals, FMC, and AMAX and is, therefore, responsible for the contamination remediation.

## IV. CONCLUSION

For the forgoing reasons the Duarte Plaintiffs' motion to file an amended complaint is hereby **DENIED**.

An appropriate Order follows:

---

[50] (D.E. 70, Pl's Mot. to Am., at 6-9).

[51] *Ashcroft v. Iqbal*, 556 U.S. 662 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 at 557).

[52] *Id.*

9

**ORDER**

**IT IS** on this Tuesday, October 16, 2018,

**ORDERED**, that the Duarte Plaintiffs' motion to file a second amended complaint, D.E. 70 is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/16/2018 12:29:24 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
File